IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GREGORY ANTHONY VANTRECE, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> ANDREW SAUL, *Commissioner of Social* ) <br> *Security*, ) <br> ) <br> *Defendant*. ) <br> ) | Civil Action No. 1:20-cv-00124 <br> Hon. Liam O'Grady <br> Hon. Michael S. Nachmanoff |

## ORDER

Before the Court is Magistrate Judge Nachmanoff's Report and Recommendation ("R&R") regarding the parties' cross-motions for summary judgment. Dkt. 25. Judge Nachmanoff issued this R&R on April 7, 2021. Plaintiff VanTrece timely objected on April 21, 2021, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, Dkt. 26; and Defendant timely responded on May 5, 2021 in support of the Magistrate Judge's findings, Dkt. 27.

When reviewing a Magistrate Judge's Report and Recommendation, the Court must make a *de novo* determination of those portions of the R&R to which objections, if any, are made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court is authorized to accept, reject or modify, in whole or in part, the recommendations made by the Magistrate Judge. *Id.*

Upon due consideration of the record and for the reasons presented herein, the Court hereby **APPROVES** and **ADOPTS** the findings Judge Nachmanoff set forth in the R&R. Accordingly, Plaintiff's Motion for Summary Judgment (Dkt. 15) is hereby **DENIED**, and Defendant's Cross Motion for Summary Judgment (Dkt. 21) is hereby **GRANTED**.

Plaintiff argues that the Administrative Law Judge ("ALJ") did not have sufficient information before her to "override" the state agency consulting doctors' opinions concerning the type of work Plaintiff could perform. Dkt. 26. Plaintiff accordingly objects to Judge Nachmanoff's finding that the ALJ's conclusion was supported by the evidentiary record. Plaintiff refers the Court to the unpublished Eastern District of Virginia decision *Farrar v. Astrue*. In that case, the Court held that the ALJ "must analyze the claimant's medical records that are provided and any medical evidence resulting from consultative examinations or medical expert evaluation that have been ordered." 2012 WL 3113159 at *10. The Court then referenced 20 C.F.R. § 416.927(c)(2), which states that the Social Security Administration "will evaluate every medical opinion we receive," giving controlling weight to treating physicians whose opinions are not inconsistent with other substantial evidence but also considering consultative examinations. The Court ultimately held that the ALJ in that case improperly ignored all of the physicians' opinions which were offered. *Farrar*, 2012 WL 3113159 at *11.

This case bears little resemblance to *Farrar* and the Court is not now controlled by that decision. Here, the ALJ did not ignore each of the physicians who offered their opinions; she considered those opinions, and ultimately gave less weight to the state agency consulting doctors than to the Plaintiff's treating physicians, just as 20 C.F.R. § 416.927(c)(2) says is proper. Specifically, the ALJ gave the state agency consulting doctors' opinions less weight because they did not consider Plaintiff's history of noncompliance with recommended courses of treatment. Dkt. 25 at 19. The ALJ possessed this information, which the state agency consulting doctors lacked. This is entirely different than the facts of *Ferrar*, in which the ALJ went against all of the medical opinions in the record, including those from the plaintiff's treating physicians. 2012 WL 3113159 at *10.

Plaintiff further argues that the ALJ is only permitted to supplant medical advice with her own interpretation of data where her judgment is a commonsense one. *Manso-Pizarro v. Sec'y of Health & Hum. Servs.*, 76 F.3d 15, 17 (1st Cir. 1996). He argues that this is not a matter of common sense because his limitations are caused by a stroke and its several comorbidities. However, it can again be stated that the ALJ did not supplant medical advice for her own conclusion. She considered the medical advice she received. She then reached the commonsense conclusion that a person who chooses not to take the medication prescribed to him as pain treatment is physically capable of performing more strenuous work. Compare this to the ALJ in *Manso-Pizarro*, who did not consider any analysis by a physician or other expert. *Id.*

The ALJ properly considered the evidentiary record and medical opinions before her, and she gave those medical opinions the weight to which they were entitled in consideration of the evidentiary record. This is a proper use of her discretion as an ALJ, and her decision should be upheld. Judge Nachmanoff's R&R is accordingly hereby **APPROVED** and **ADOPTED**.

Judgment shall enter by separate order of the Court pursuant to Federal Rule of Civil Procedure 58(a).

The Clerk is **DIRECTED** to close the case, and to send a copy of this Order to all counsel of record.

It is **SO ORDERED**.

August __, 2021
Alexandria, Virginia

Liam O'Grady
United States District Judge